# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Beverly Koehnen, | Case No. 23-cv-318 (NEB/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Scott County, et al., | |
| Defendants. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, as well as, Plaintiff Beverly Koehnen's Complaint, [Docket No. 1], and her Application to Proceed in District Court Without Prepaying Fees or Costs. (IFP Application [Docket No. 2]).

For the following reasons, the Court recommends dismissing this action without prejudice and denying the IFP Application as moot.

Plaintiff initiated this action by filing her IFP Application and her Complaint. Plaintiff drafted her Complaint on a form template, but Plaintiff provides no substantive allegations in the template. (See Compl. [Docket No. 1] at 4).[1] Instead, Plaintiff separately filed about forty-five (45) pages of documents—later supplemented with about ten more pages of material. (See Exhibits [Docket Nos. 1-1, 1-2, 4, 4-1]). As best as the Court can tell, Plaintiff seeks to challenge certain actions by Defendants Scott County and the City of Shakopee concerning Plaintiff's real property. (See Compl. [Docket No. 1] at 4).

---

[1] In its entirety, the allegations in Plaintiff's form Complaint are as follows: "I came to St. Paul for help. I have no problem with Diane M. Hanson. It is Scott County and Shakopee that are harming my property. By me calculation, there are taking about ¾ of an acre." (Id.).

Rather than submit this action's filing fee, Plaintiff submitted her IFP Application with her Complaint. The IFP Application suggests that Plaintiff qualifies financially for IFP status. But a threshold question in any case is a court's subject-matter jurisdiction, so the Court must address this before considering the IFP Application. See, e.g., Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)); Knights of Columbus v. Brisk, No. 20-cv-421 (PJS/LIB), 2020 WL 6809061, at *4 (D. Minn. Nov. 3, 2020) (citing authorities), report and recommendation adopted, 2020 WL 6802186 (D. Minn. Nov. 19, 2020).

Under Federal Rule of Civil Procedure 12(h), "[i]f [a] court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." And it is a plaintiff's burden to "allege in [her] pleading the facts essential to show jurisdiction." McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936); see, e.g., Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside [federal courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" (citing cases, including McNutt)).

In the present case, Plaintiff's form Complaint asserts that this Court has subject-matter jurisdiction based on the grant of federal question jurisdiction in 28 U.S.C. § 1331. (See Compl. [Docket No. 1] at 3). But when the template form asked her to identify the "Federal Constitutional, statutory or treaty right" at issue, Plaintiff provided no answer. (Id.) Nor is any answer apparent from Plaintiff's filings. Plaintiff therefore has not established that this Court has federal question jurisdiction here.[2]

---

[2] Furthermore, even if there were an obvious jurisdictional ground here, the Complaint has a second fundamental problem: its lack of factual allegations. (Id. at 4.) The Court noted above the nearly fifty-five pages of exhibits submitted by Plaintiff thus far. It appears that Plaintiff wants the Court to review these materials and come up with relevant allegations or causes of action for her to press her case. The Court declines this invitation. Respectfully, it is a litigant's responsibility to draft his or her complaint; a court will not sift through exhibits and the like to do this work. See, e.g., Shortymacknifisent v. Hunter, No. 22-cv-0766 (DSD/BRT), 2022 WL 17546559, at *3 n.7 (D. Minn. Nov. 18, 2022) (citing cases), report and recommendation adopted, 2022 WL 17485553 (D. Minn. Dec. 7, 2022);

The Court therefore recommends that this action be dismissed without prejudice for lack of jurisdiction. Given this recommendation, the Court further recommends the IFP Application be denied as moot.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. This action be **DISMISSED without prejudice** under Federal Rule of Civil Procedure 12(h) for lack of jurisdiction; and

2. Plaintiff Beverly Koehnen's Application to Proceed in District Court Without Prepaying Fees or Costs, [Docket No. 2], be **DENIED as moot**.

Dated: May 17, 2023            s/Leo I. Brisbois
                                               Hon. Leo I. Brisbois
                                               United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).

---

Jackson v. FindJodi.com, Inc., No. 21-cv-1777 (SRN/LIB), 2021 WL 7542396, at *2 n.3 (D. Minn. Nov. 8, 2021) (same), report and recommendation adopted, 2022 WL 336832 (D. Minn. Feb. 4, 2022), aff'd, No. 22-1652, 2022 WL 4455209 (8th Cir. June 1, 2022).